**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| TODD MCCLATCHIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:11-cv-00115-RCJ-VPC |
| vs. | ) | |
| | ) | |
| MORTGAGEIT, INC. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This is a standard foreclosure case involving one property. The Complaint is a sixty-page MERS-conspiracy type complaint listing twelve causes of action. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. Pending before the Court is a motion to dismiss. For the reasons given herein, the Court grants the motion in part and denies it in part.

Todd McClatchie gave lender Mortgageit, Inc. promissory notes in the amounts of $304,000 and $38,000 to purchase property at 105 Virgil Dr., Sparks, NV 89436. (First Deed of Trust ("DOT"), Apr. 24, 2006, ECF No. 11, at 13; Second DOT, Apr. 24, 2006, ECF No. 11, at 30). Stewart Title of Northern Nevada ("Stewart") was the trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") was the "nominee." (First DOT; Second DOT). MERS purported to assign the First DOT and beneficial interest thereunder to BAC Home Loans Servicing, LP ("BAC") on December 20, 2010. (*See* Assignment, Dec. 20, 2010, ECF No. 11-1,

at 10). BAC purported to substitute Recontrust Co., N.A. as trustee on the same day. (*See* Substitution, Dec. 20, 2010, ECF No. 11, at 12).

Plaintiff defaulted prior to August 1, 2010. (Notice of Default ("NOD") 1, ECF No. 11-1, at 15). Defendants provide only the first page of the NOD. The NOD was recorded on December 20, 2010, but it may have been executed earlier, and it is not even clear what entity executed the NOD, because the signature block is on a missing successive page. The statute forbids a foreclosure sale before, inter alia, "[t]he beneficiary, the successor in interest of the beneficiary or the trustee first *executes and causes to be recorded* in the office of the recorder of the county wherein the trust property, or some part thereof, is situated a notice of the breach and of the election to sell . . . ." Nev. Rev. Stat. § 107.080(2)(c) (emphasis added).

The foreclosure may have been statutorily invalid. MERS purported to transfer the beneficial interest from the original lender to BAC. Because it is not clear MERS had the ability to do this, it is not clear BAC was the beneficiary when it purported to substitute Recontrust as trustee. Also, in this case, it is not clear Recontrust executed the NOD only after it was purportedly substituted as trustee, and it is not even clear that Recontrust was the foreclosing entity, because only the first page of the NOD is in the record.

Plaintiff apparently failed to respond to a modification offer. The first note was a thirty-year, fixed-rate mortgage at 6.875%, with monthly payments of $1997.06. (*See* First Note 1, Apr. 24, 2006, ECF No. 11, at 5). The second note was a fifteen-year, fixed-rate mortgage at 9.25%, with monthly payments of $312.62. (*See* Second Note 1, Apr. 24, 2006, ECF No. 11, at 9). Total monthly payments were $2309.68. BAC offered a modification of the first note, but Plaintiff does not appear to have signed the agreement. (*See* Loan Modification Agreement, ECF No. 11, at 42). The modification would have reduced the interest rate to 2.75% from November 2010 to November 2015, to 3.75% from November 2015 to November 2016, and to 4.375% for the remainder of the life of the loan. (*See id.*). These are far better than market rates. Assuming

1 no modification of the second note, the total monthly payments would have been $1674.94 for
2 the first five years, $1787.77 for the sixth year, and $1868.17 thereafter, representing 27%, 23%,
3 and 19% reductions in the total monthly payments, respectively. (*See id.*). On October 26 and
4 29, 2010, Bank of America sent Plaintiff identical letters indicating it could not modify his loan,
5 because he had not timely returned certain requested documents. (*See* Bank of America Letters,
6 Oct. 26 and 29, 2010, ECF No. 11-1, at 4–5, 7–8).

7      The affirmative claims fail for reasons given in other substantively identical cases. No
8 nuances appear in this case in that regard. There remain questions of fact as to statutorily
9 defective foreclosure, however. Also, Plaintiff indicated at oral argument that he timely
10 accepted a modification offer.

## CONCLUSION

12      IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 10) is GRANTED in
13 part and DENIED in part. All claims are dismissed except the eighth claim for statutorily
14 defective foreclosure. Defendants shall have fourteen (14) days to supplement the record to
15 show the statutory propriety of foreclosure, and Plaintiff shall have fourteen (14) days to file an
16 affidavit and/or other evidence that he timely accepted a modification offer, as counsel claimed
17 at oral argument, in which case the Court might permit an amendment to add a breach of contract
18 claim.

19      IT IS FURTHER ORDERED that the Motion to Strike (ECF No. 17) is GRANTED and
20 the Motion to File Supplemental Reply (ECF No. 18) is DENIED.

21      IT IS SO ORDERED.

22 Dated this 26th day of April, 2011.

_____
ROBERT C. JONES
United States District Judge