UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| TODD MCCLATCHIE, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | 3:11-cv-00115-RCJ-VPC |
| vs. | ) | |
| | ) | |
| MORTGAGEIT, INC. et al., | ) | **ORDER** |
| | ) | |
|     Defendants. | ) | |

This is a standard foreclosure case involving one property. The Complaint is a MERS-conspiracy type complaint listing twelve causes of action. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. The Court previously dismissed all claims except that for statutorily defective foreclosure, gave Defendants fourteen days to supplement the record to show the propriety of foreclosure, and gave Plaintiff fourteen days to produce evidence of his alleged acceptance of a loan modification offer. Defendants have supplemented the record, but Plaintiff has not. Defendants have now asked the Court to dismiss the remaining claim for statutorily defective foreclosure based upon the record as supplemented. For the reasons given herein, the Court grants the motion.

**I.     FACTS AND PROCEDURAL HISTORY**

Todd McClatchie gave lender Mortgageit, Inc. promissory notes in the amounts of $304,000 and $38,000 to purchase property at 105 Virgil Dr., Sparks, NV 89436. (First Deed of

Trust ("DOT"), Apr. 24, 2006, ECF No. 11, at 13; Second DOT, Apr. 24, 2006, ECF No. 11, at 30). Stewart Title of Northern Nevada ("Stewart") was the trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") was the "nominee." (First DOT; Second DOT). MERS purported to assign the First DOT and beneficial interest thereunder to BAC Home Loans Servicing, LP ("BAC") on December 20, 2010. (*See* Assignment, Dec. 20, 2010, ECF No. 11-1, at 10). BAC purported to substitute Recontrust Co., N.A. as trustee on the same day. (*See* Substitution, Dec. 20, 2010, ECF No. 11, at 12).

Plaintiff defaulted prior to August 1, 2010. (Notice of Default ("NOD") 1, ECF No. 11-1, at 15). Defendants originally provided only the first page of the NOD, which indicated that the NOD had been recorded on December 20, 2010, but not the date of execution or identification of what entity executed it. It therefore remained plausible at that stage that the foreclosure was statutorily invalid. *See* Nev. Rev. Stat. § 107.08092)(c). Also, MERS had purported to transfer the beneficial interest from the original lender to BAC. Because it was not clear MERS had the ability to do this, it was also not clear BAC was the beneficiary when it purported to substitute Recontrust as trustee. Finally, it was not clear Recontrust executed the NOD only after it was purportedly substituted as trustee or that Recontrust was the foreclosing entity, because only the first page of the NOD was in the record.

## II. ANALYSIS

Defendants have now adduced the entire NOD. (*See* NOD, Dec. 20, 2010, ECF No. 21, at 4). Recontrust filed the NOD on December 20, 2010. (*See id.* 2). This was the same day BAC purported to substitute Recontrust as trustee. If MERS' assignment of the note and First DOT from MortgageIt to BAC was proper, then the foreclosure was statutorily proper. Although MERS is not itself the beneficiary, as "nominee" it is the agent of the beneficiary, and the attempt to identify MERS as the "beneficiary" along with the provision that "Borrower understands and agrees that MERS holds only legal title . . . but, if necessary to comply with law

1 or custom, MERS (as nominee . . . ) has the right: to exercise any or all of those interests," (*see*
2 First DOT 3), is enough to show that the lender intended for MERS to have the greatest possible
3 agency with respect to the mortgage, which would include the transfer of the beneficial interest
4 directly on the lender's behalf. *See Smith v. Cmty. Lending, Inc.*, 773 F. Supp. 2d 941, 943–44
5 (D. Nev. 2011).  The foreclosure was therefore statutorily proper.
6     Plaintiff apparently failed to respond to a modification offer.  The first note was a thirty-
7 year, fixed-rate mortgage at 6.875%, with monthly payments of $1997.06. (*See* First Note 1,
8 Apr. 24, 2006, ECF No. 11, at 5).  The second note was a fifteen-year, fixed-rate mortgage at
9 9.25%, with monthly payments of $312.62. (*See* Second Note 1, Apr. 24, 2006, ECF No. 11, at
10 9).  Total monthly payments were $2309.68.  BAC offered a modification of the first note, but
11 Plaintiff does not appear to have signed the agreement. (*See* Loan Modification Agreement, ECF
12 No. 11, at 42).  The modification would have reduced the interest rate to 2.75% from November
13 2010 to November 2015, to 3.75% from November 2015 to November 2016, and to 4.375% for
14 the remainder of the life of the loan. (*See id.*).  These are far better than market rates.  Assuming
15 no modification of the second note, the total monthly payments would have been $1674.94 for
16 the first five years, $1787.77 for the sixth year, and $1868.17 thereafter, representing 27%, 23%,
17 and 19% reductions in the total monthly payments, respectively. (*See id.*).  On October 26 and
18 29, 2010, Bank of America sent Plaintiff identical letters indicating it could not modify his loan,
19 because he had not timely returned certain requested documents. (*See* Bank of America Letters,
20 Oct. 26 and 29, 2010, ECF No. 11-1, at 4–5, 7–8).  Plaintiff indicated at oral argument that he
21 timely accepted a modification offer, but he has not timely produced any evidence of such an
22 acceptance, not even his own affidavit.
23 ///
24 ///
25 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 22) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case accordingly.

IT IS SO ORDERED.

Dated this 29th day of August, 2011.

_____
ROBERT C. JONES
United States District Judge